## A. L. MARTIN v. CHICAGO GREAT WESTERN RAILROAD COMPANY.[1]

June 23, 1911.

Nos. 17,172—(199).

**Carriage of live stock—question of diligence.**

In an action for defendant's failure to transport live stock within a reasonable time, it was fairly a question for the jury whether the defendant exercised reasonable diligence in the matter of the transportation, and it was for the jury to determine, under the evidence, the amount of damage. [Reporter.]

Action in the district court for Hennepin county to recover $3,000 for delay in transportation of ten carloads of live stock, and for failure to furnish suitable feeding yards for the cattle in transit. The answer was a general denial. The case was tried before Dickinson, J., and a jury which returned a verdict in favor of plaintiff for $2,587.82. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

1 Reported in 131 N. W. 1134.

*Briggs, Thygeson, Loomis & Everall,* for appellant.
*Stiles & Devaney,* for respondent.

PER CURIAM.

The plaintiff brought this action to recover for claimed injury to several carloads of cattle by the negligent failure of the defendant company to transport the cattle within a reasonable time over its line from St. Paul to Chicago, and by its negligent failure to furnish fit yards for feeding the cattle in transit. The plaintiff obtained a verdict upon the trial. The case is brought here by defendant's appeal from the order of the trial judge, denying its alternative motion for judgment or a new trial.

The defendant, under its assignment of errors, presents two matters for consideration by this court: Claimed errors in the admission of testimony, and insufficiency of the evidence to sustain a verdict in the amount returned, or in any amount.

The rulings upon the admission of testimony complained of were, when made, erroneous, but are clearly not prejudicial. The evidence was either made competent by subsequent evidence received, or made entirely harmless by the subsequent concession of the facts sought to be proved thereby. The train in question took considerably longer than the usual time for similar trains between St. Paul and Chicago. Defendant's witnesses accounted for the slow running time by adverse winds. It was fairly a question for the jury whether, under the existing conditions, as disclosed by the evidence, the defendant company exercised reasonable diligence to transport the cattle within a reasonable time.

The jury were warranted, from the evidence, in finding that the delay of the train and the unfit condition of a yard where the cattle were unloaded in transit caused injury to and depreciation in the selling value of the cattle. The evidence as to the extent of this depreciation was largely opinion evidence, in part based on estimated weights. The verdict was for an amount of damages much less than that shown by the plaintiff's evidence, if taken as accurate. The fact that under this evidence a wide range of conclusions as to the amount of damage might be properly arrived at makes the question peculiarly one for the jury. We see no sufficient ground for disturbing the jury's decision. The order appealed from is affirmed.